IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDERICK HEBB,<br>　　Plaintiff,<br><br>v.<br><br>GREEN TREE SERVICING LLC,<br>*et al.*,<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-14-1267 |

## MEMORANDUM AND ORDER

This case is before the Court on the Partial Motion to Dismiss [Doc. # 5] filed by Defendants Green Tree Servicing LLC ("Green Tree") and Federal National Mortgage Association ("Fannie Mae"), to which Plaintiff Frederick Hebb filed a Response [Doc. # 7]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Dismiss as to the breach of contract claim, and **denies** the Motion as to the fraud claim.[1]

### I.   BACKGROUND

Plaintiff in his Petition alleges the following matters. On May 23, 2002, Plaintiff and his former wife purchased real property located at 15803 Boulder Oaks Drive in Houston, Texas (the "Property"). In connection with this purchase, Plaintiff

---

[1]   Defendants did not seek dismissal of Plaintiff's promissory estoppel or trespass to try title claims.

executed a promissory note ("Note") and Deed of Trust in favor of Countrywide Home Loans, Inc. ("Countrywide"). Both the Note and the Deed of Trust were subsequently transferred to Green Tree.

During the term of the loan, Plaintiff began to experience financial difficulties and entered into debt restructuring negotiations with Green Tree to modify the terms of the Note. *See* Petition [Doc. # 1-1], ¶ 10. Plaintiff alleges that Green Tree offered him a loan modification and he began submitting financial documents and information. Plaintiff alleges that Green Tree representatives told him to ignore any foreclosure notices he received because Green Tree would not foreclose during the loan modification process. *See id.*, ¶ 11. Plaintiff alleges that Green Tree representatives promised to confirm these instructions in writing, but "Plaintiff never received written confirmation." *Id*. Plaintiff alleges that the Property was sold to Fannie Mae at a foreclosure sale on January 7, 2014.

Plaintiff filed this lawsuit in Texas state court, asserting causes of action for breach of contract, common law fraud, promissory estoppel, and trespass to try title. Defendants filed a timely Notice of Removal, and then moved to dismiss the breach of contract and fraud claims. The Motion is now ripe for decision.

## II.     STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington*, 563 F.3d at 147), a complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Iqbal*, 556 U.S. at 678; *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

## III.    ANALYSIS

### A.     Breach of Contract Claim

Plaintiff alleges in the Petition that Green Tree breached an unidentified contract. Under Texas law, the statute of frauds requires all loan agreements involving more the $50,000.00 to be in writing and signed by the party to be bound in order to be enforceable. *See* TEX. BUS. & COM. CODE § 26.02(b); *see Martins v.*

*BAC Home Loans Servicing, LP*, 722 F.3d 249, 256 (5th Cir. 2013) (applying the statute of frauds to a loan modification). A "loan agreement" for purposes of the statute of frauds is defined to include promises by a financial institution to "delay repayment of money . . . or make a financial accommodation." *See* TEX. BUS. & COM. CODE § 26.02(a)(2). Plaintiff's claim that Green Tree promised not to foreclose during the loan modification process is barred by the Texas statute of frauds. *See Burnette v. Wells Fargo Bank, N.A.*, 2010 WL 1026968, *5 (E.D. Tex. Feb. 16, 2010) (quoting *Krudop v. Bridge City State Bank*, 2006 WL 3627078, *4 (Tex. App. – Beaumont Dec. 14, 2006, pet. denied)).

 Plaintiff, in his Response to the Motion to Dismiss, explains that he is not alleging that Green Tree breached a new oral agreement not to foreclose but is, instead, asserting that Green Tree cannot argue that he is in default under the original Note because it was Green Tree that induced the default. *See* Response [Doc. # 7], pp. 1-2. Plaintiff relies on *Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 582 (W.D. Tex. 2012), to support his argument. Plaintiff's reliance on the Western District of Texas's 2012 opinion in *Montalvo* is unavailing. In 2013, the *Montalvo* court held unequivocally that any claim of "waiver fails because the claim would solely rely on evidence of unenforceable oral representations allegedly made by Defendants." *Montalvo v. Bank of Am. Corp.*, 2013 WL 870088, *8 (W.D. Tex. Mar.

7, 2013). The *Montalvo* court in 2013 noted that allowing a borrower to avoid foreclosure by arguing that he was induced to default based on an oral promise not to foreclose during loan modification negotiations "would allow Plaintiff to circumvent the statute of frauds by essentially enforcing an unenforceable modification agreement." *Id.* This Court agrees. Plaintiff's breach of contract claim, even as clarified in the Response, is barred by the Texas statute of frauds. As a result, Defendants' Motion to Dismiss the breach of contract claim is **granted**.

### B.  Fraud Claim

Defendants argue that Plaintiff's fraud claim should be dismissed because it is barred by the economic loss rule. The economic loss rule provides that "[w]hen the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991); *see also Robinson v. Bank of Am., N.A.*, 2014 WL 940330, *3 (N.D. Tex. Mar. 11, 2014). In deciding whether the economic loss rule requires dismissal of a fraud claim, the court considers: "(1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and (2) whether the injury is only the economic loss to the subject of the contract itself." *Robinson*, 2014 WL 940330 at *3 (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors*, 960 S.W.2d 41, 45-47 (Tex. 1998)). A party may recover under a fraud

theory "irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff only suffers an economic loss related to the subject matter of the contract." *Id*. (quoting *Formosa Plastics*, 960 S.W.2d at 46).

In this case, Plaintiff's fraud claim is not based on the Note and Deed of Trust. Instead, Plaintiff bases his fraud claim on Green Tree's alleged representations that he should ignore foreclosure notices while the matter was in loan modification status "because Green Tree would not take any action to foreclose on his Property while in loan modification status." *See* Petition, ¶ 18. Because it appears that Plaintiff's fraud claim is not based on a breach of the Note, Deed of Trust or other contract, the fraud claim is not barred by the economic loss rule. *See Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp. 2d 870, 883-84 (S.D. Tex. 2013) (Costa, J.), and cases cited therein; *see also Robinson*, 2014 WL 940330 at *4; *Choe v. Bank of Am., N.A.*, 2013 WL 6159308, *6 (N.D. Tex. Nov. 25, 2013). Defendants' Motion to Dismiss this claim is **denied**.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 7] is **GRANTED** as to the breach of contract claim and **DENIED** as to the fraud claim. The case remains scheduled for an initial conference on August 13, 2014.

SIGNED at Houston, Texas this 27th day of **June, 2014**.

_____
Nancy F. Atlas
United States District Judge